SO ORDERED.

Dated: March 22, 2019

*Daniel P. Collins*

Daniel P. Collins, Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In Re:

Angela Kosler,

Debtors.

In Proceedings Under Chapter 13

Case No.: 2:18-bk-09387-DPC

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved;

IT IS ORDERED Confirming the Chapter 13 Plan ("Plan") of Debtor as follows:

A. **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan

1. <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan Payments:

| Months | | Payments |
|---|---|---|
| 1 through 1 | (September 2018) | $0.00 |
| 2 through 60 | (October 2018 – August 2023) | $615.00 |

The payments are due on or before the 5th day of each month, commencing September 5, 2018.

Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of **federal** and **state** income tax returns for post-petition years **2018-2022** within 14 days of filing. The purpose is to assist the Trustee in determining any change in the Debtor's annual disposable income.

2. Other Property. None.

B. **DURATION OF THE PLAN.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan all allowed claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than **36** months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C §586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

1. Administrative expenses.

   Attorney's Fees. Debtor's counsel shall be allowed total compensation of $4,500.00. Counsel received $1,500.00 prior to filing this case and will be paid $3,000.00 by the Chapter 13 Trustee for the flat rate services.

Stipulated Order on Confirmation; **Angela Kosler; 2:18-bk-09387-DPC**   Page 2

2. Claims Secured by Real Property.

   a. None.

3. Claims Secured by Personal Property.

   a. Avid Acceptance, secured by a lien on a 2013 Kia Optima, shall be paid a secured claim of $17,396.70 with 5.25% interest. The creditor will receive adequate protection payments of $150.00 per month. The balance of the debt shall be classified as unsecured.

4. Unsecured Priority Claims.

   a. The Internal Revenue Service shall be paid an unsecured priority claim of $10,304.86 with no interest for taxes.
   b. The Arizona Department of Revenue shall be paid an unsecured priority claim of $420.24 with no interest for taxes.

5. Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

   a. The debtor will surrender a 2013 Hyundai Sonata in which Auto Now Financial has a secured interest.

6. Other Provisions:

   a. None.

7. Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

D. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

APPROVED AS TO FORM AND CONTENT:

_____
Russell Brown, Trustee
2019.03.21 14:11:57 -07'00'

_____
Scott M. Forrester, Attorney for Debtor

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the petition.

_____
Angela Kosler, Debtor